## CONTINENTAL MILLS *vs.* OLIVER DOW.

*Trustee process — costs in.*

Previous to the return day of a trustee writ, the person summoned therein as trustee was notified in writing, signed by the plaintiff's attorney, that the suit had been withdrawn, and the trustee thereby discharged from all responsibility; but on the return day, the alleged trustee filed his disclosure and properly notified the plaintiff's attorney of his readiness to submit to examination on oath. On complaint for costs, *Held*, that the original plaintiff was liable to the alleged trustee for costs.

ON EXCEPTIONS by the defendant.

COMPLAINT for costs.

The written notice signed by the attorneys of the original plaintiff (present defendant) and served upon the alleged trustees (present plaintiffs) was dated Jan. 2, 1870, and was of the following tenor:

"You are hereby notified that the suit Oliver Dow *v.* E. B. Seavey, and Continental Mills, trustees, returnable at the supreme judicial court, Androscoggin county, January term, 1871, has been withdrawn, and you are, therefore, hereby discharged from all responsibility by reason of having been summoned as trustees in said suit."

The remaining facts appear in the opinion.

Continental Mills *v.* Dow.

*Wm. P. Frye & John B. Cotton*, for the plaintiffs, cited Colby's Pr. 152, 153; *Gilbreth* v. *Brown*, 15 Mass. 178; *Coburn* v. *Whitely*, 8 Met. 272.

*Pulsifer & Frost*, for the defendant.

DICKERSON, J. Complaint for costs for non-entry of an action brought by the defendant, in which the complainants were summoned as trustees.

Previous to the return day of the writ the plaintiff's attorney notified the trustees, in writing, that the suit had been withdrawn, but they, nevertheless, seasonably filed their disclosure on the first day of the return term of the writ, and notified the plaintiff's attorney of their readiness to submit to examination on oath. The presiding justice dismissed the complaint, and the complainants excepted.

Parties summoned as trustees are entitled to costs when they appear at the first term and disclose. This right is not contingent upon the will or action of the plaintiff, or any other conditions than those prescribed in the statute. R. S. 1857, c. 86, § 13. The complainants complied with the requirements of the statute, and yet it is contended that they are barred of their right to recover their costs, because the plaintiff notified them that the suit had been withdrawn. The statute certainly does not in terms, and we think it does not by implication, recognize the right of the plaintiff thus to defeat the trustee's claim for costs. Such right is given by statute, and can be defeated only by a failure of the trustee to conform to the statute or a voluntary relinquishment of his claim.

If the plaintiff had failed to enter his action without notifying the trustees that the suit had been withdrawn, there can be no doubt but the trustees, under the facts stated, would have been entitled to costs. So if there had been a valid agreement between the plaintiff and the trustees that they should not claim costs, if the action was not entered. How does the notice given change the rights and liabilities of the parties in this respect? The trustees had no agency in suing out the writ; that was the voluntary act of

the plaintiff. In the absence of such notice, the trustees would be liable to pay the debt on default or be subject to pay the costs in *scire facias*, if they did not appear. Such notice imposed no legal obligation upon the plaintiff not to enter the action; it is not founded upon any consideration, and affords the trustees no guarantee against any loss or damage they might sustain if they should heed its monitions. In answer to the command of the writ to appear and disclose, the trustees have the naked, verbal assurance of the plaintiff that they need not do so. Notwithstanding such notice, the plaintiff may enter his action; he may change his mind, or the defendant may insist upon contesting his claim. The object in giving such notice is to save the plaintiff from a liability he voluntarily, and without the privity or fault of the trustees, incurred. It rests upon no legal authority or sanction, is supported by no consideration, is inoperative and void, and affords the plaintiff no defense to the trustees' claim for costs.

*Exceptions sustained.*

*Judgment for complainant.*

Appleton, C. J.; Kent, Walton, and Danforth, JJ., concurred.